DYKEMA GOSSETT LLP
Derek S. Whitefield (165731)
dwhitefield@dykema.com
Dmitriy Kopelevich (282714)
dkopelevich@dykema.com
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant,
GENERAL MOTORS LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CHARLIE McCORVEY,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS CORPORATION,<br><br>Defendant. | Case No. 5:17-cv-00395-JGB (DTBx)<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED THROUGH COUNSEL OF RECORD and agreed by the undersigned counsel for each of the parties to this action that, in order to preserve and maintain the confidentiality of certain documents that contain proprietary, trade secret and confidential information and/or other documents or information which may otherwise be sensitive, and which will be obtained from General Motors LLC, the following confidentiality protective order shall be entered by the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 2o, 2017　　　　DYKEMA GOSSETT LLP

By:/s/ _____
Derek S. Whitefield

Attorneys for Defendant,
GENERAL MOTORS, LLC

Dated: April 3Q 2017

By:/s/ Charlie McCorvey
Charlie McCorvey

Plaintiff, Pro Se

# CONFIDENTIALITY PROTECTIVE ORDER

Pursuant to the foregoing stipulation of the parties, it is hereby ordered as follows:

1. Documents and information to be provided by General Motors LLC ("GM") that are claimed to contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3. The parties will produce ESI, whenever possible, in single page Group IV TIFF image with accompanying metadata fields, with the exception of the following file types that, to the extent produced, shall be produced in their native file format with an accompanying placeholder image: - Spreadsheets; - Audio files; - Photos (jpg and jpeg); and - Video files. These documents, produced in native format, will not be individually stamped or labeled. Instead, the CDs containing the documents will be labeled with the confidential designation. Any person who copies the CDs or prints any of the documents stored on the CDs must stamp or label the copies or prints with the confidential designation.

4. The designation of Protected Documents may be made by marking or placing the notice "Subject to Non-Sharing Protective Order," "Subject to Protective

3

STIPULATED PROTECTIVE ORDER
CASE NO. 5:17-CV-003950JGB (DTBX)

Order," "Confidential," or substantially similar notice on the document or, where a copy of the original document is to be produced, on that copy.

5. Protected Documents and any copies thereof received pursuant to this Order shall be maintained confidential, shall be used only for preparation for the trial and prosecution of this lawsuit, and may be disclosed only to (a) Plaintiff ("the Receiving Party"), (b) attorneys for the Receiving Party and their paralegal and clerical staffs, and (c) experts and consultants retained or individuals consulted by the Receiving Party or his attorneys for assistance in trial preparation or for testimony ("Recipients"), provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of GM.

6. Disclosure shall be made to Recipients only as necessary for the prosecution of the lawsuit and only after the Recipient has been informed of the terms of this Order and has agreed to be bound by it. Before Protected Documents are disclosed to anyone, the intended Recipient shall be first presented with a copy of this Order, and after reading it and agreeing to be bound by its terms, sign the attached form of "Written Assurance," attached as Exhibit A (hereinafter "Assurance"). Assurances signed by experts shall be provided to counsel for GM when experts are disclosed. Assurances signed by consultants, whether or not they are retained by the Receiving Party, shall be retained by the Receiving Party's counsel for as long as they retain their file after termination of the case. Protected Documents shall not be disclosed to any person or in any manner not specified in this Order. Further, Protected Documents shall not be used for any purpose other than the prosecution of this lawsuit.

7. No party may publicly file any Protected Documents without first obtaining written permission from the Designating Party or a court order after

4

providing appropriate notice to all interested parties. If a party seeks to file Protected Documents under seal, it must comply with Local Rule 79-5.1. Protected Documents may only be filed under seal pursuant to court approval authorizing the sealing of the specific Materials at issue. The Parties shall meet and confer regarding the procedures for use of Protected Documents at trial and shall move the Court for entry of an appropriate order.

8. Protected Documents may be referred to by a party in notices, motions, briefs or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such documents or information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, separately filed under seal with the court pursuant to the provisions of paragraph 7, above.

9. Recipients of Protected Documents are, either by virtue of direct application of the Order or by virtue of the execution of the Assurance referred to in paragraphs 6, above, bound by the terms and restrictions of this Order and are subject to the jurisdiction of this court for the purpose of enforcing the terms of this Order.

10. In the event that the Receiving Party receiving Writings, Testimony or Information in discovery designated as "Protected Documents" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Writings, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de- designate Writings, Testimony or

5

Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Writings, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Any Designation Motion shall comply with Local Rules 37-1 through 37-4 and shall be submitted to the Court in the form of a joint stipulation. Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Writings, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Writings, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

11. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

12. Within 30 days of termination of this lawsuit, by judgment, settlement or voluntary dismissal, the Receiving Party's counsel, and any Recipients of Protected Documents, shall return to GM's counsel all such documents received under this Order, including all copies, prints, summaries, and other reproductions of such information. Recipients shall return the Protected Documents along with a signed "Confirmation of Return of Protected Documents," Exhibit B (hereinafter "Confirmation"). The Confirmation shall be signed under penalty of perjury by the Recipient. The Confirmation shall also be signed by counsel for the Receiving Party acknowledging that all documents provided by said counsel to the Recipient have been returned to counsel for GM in accordance with this paragraph. However, any information designated in accordance with this Order that becomes part of a record

6

on appeal shall be returned pursuant to this paragraph after all appeals have been exhausted.

13. It shall be the responsibility of counsel for the Receiving Party to act to preserve the confidentiality of Protected Documents. Said counsel shall undertake all steps necessary to preserve the confidentiality of such documents and information, including but not limited to: (1) monitoring the release of Protected Documents to Recipients and by Recipients; (2) obtaining the Assurances described in paragraph 6 above, and the Confirmations described in paragraph 12, above; and (3) providing the Assurances and Confirmations to counsel for GM in accordance with paragraphs 6 and 12, respectively, above.

14. Additionally, certain documents and information to be produced will include personal information of third parties that is protected by federal, state, or foreign data protection laws or other privacy obligations, including (but not limited to) consumer and third-party names, (such as the first and last names of persons involved in an accident or of other individuals not directly involved in an accident but included in documents related to an accident); Social Security Numbers; health information relating to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual; driver's license or other identification numbers; personal financial information such as tax information, bank account numbers, and credit card numbers; insurance claim numbers; insurance policy numbers; VIN numbers; or any personal e-mail addresses or other personal contact information (collectively referred to as "Personal Information"). When the Producing Party reasonably believes that the documents or information includes Personal Information, the documents or information will be labeled with the case name and a designation indicating that these files cannot be

7

produced to individuals unrelated to this case. The designation shall contain the following notation: "Access Restricted to McCorvey v. GM only. This Data Cannot Be Disseminated To Persons Who Are Not Involved With This Case."

15. Nothing in this Order shall be construed as preventing the parties from cooperating with any government investigation.

16. Inadvertent disclosure of privileged documents or confidential documents is not intended to constitute a waiver of privilege or confidentiality. A claim of inadvertent production is not subject to challenge.

17. In accordance with California law, the Receiving Party shall promptly notify GM if produced material appears to be privileged or confidential, and shall comply with GM's demands to return said materials. Likewise, if GM discovers that privileged or confidential material was inadvertently produced to the Receiving Party, it shall promptly notify the Receiving Party and the Receiving Party shall comply with GM's demands to return said materials. If the Receiving Party disputes the privileged or confidential status of such a document, all parties agree such documents must be returned to GM pending resolution of the dispute.

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated: August 17, 2017

THE HONORABLE
JESUS G. BERNAL

8

# EXHIBIT "A"
## WRITTEN ASSURANCE

STATE OF _____

COUNTY OF _____

I, _____, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Confidentiality Protective Order of _____, 2017, *Charlie McCorvey v. General Motors Corporation*, Case No. 5:17-cv-00395-JGB (DTBx) and that I have been given a copy of and have read the Stipulation for Entry of Non-Sharing Protective Order; Protective Order ("Protective Order") and understand its terms. I further agree that I shall not disclose to others, except in accordance with the Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the court for such a failure. Further, I agree to subject myself to the jurisdiction of the Superior Court of the State of California, County of Los Angeles, in and for any contempt proceeding or other appropriate sanctions as the court may deem proper for a violation of the court's Protective Order.

_____

STIPULATED PROTECTIVE ORDER
CASE NO. 5:17-CV-003950JGB (DTBX)

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

Subscribed and sworn to before me this _____ day of _____, 2017.

_____
                NOTARY PUBLIC

# EXHIBIT "B"

## CONFIRMATION OF RETURN OF DESIGNATED DOCUMENTS AND INFORMATION

I, _____, declare under penalty of perjury under the laws of the State of _____ that the following is true and correct:

1. My full name and business address are:

   _____

   _____

   _____

   _____

2. I agreed to be bound by the terms and conditions of the Stipulation for Entry of Non-Sharing Protective Order; Protective Order ("Protective Order") entered into by the parties in the matter of *Charlie McCorvey v. General Motors Corporation*, Case No. 5:17-cv-00395-JGB (DTBx), I acknowledged by consent to be so bound by executing a Written Assurance.

3. I acknowledge that I received documents or information designated as "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or substantially similar designation, for the sole purpose of assisting in the preparation for trial and/or testimony in the above-captioned lawsuit.

4. Pursuant to paragraph 13 of the Protective Order identified above, I acknowledge that I am obligated to return to counsel for GM any and all documents or information designated as "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or substantially similar designation, along with any and all copies, prints, summaries, and other reproductions of such documents or

information, immediately upon termination of the above-captioned lawsuit.

5. Immediately upon being notified that this matter was terminated, I returned any and all said documents or information, along with all copies, prints, summaries and other reproductions of such documents or information to the person who provided them to me.

Executed this ___ day of _____, 2017, in _____.

DATED: _____

_____
Signature of Declarant

## ACKNOWLEDGMENT OF COUNSEL

I am an attorney licensed to practice in the State of _____. I hereby acknowledge receipt, from the declarant identified above, of all documents provided to said declarant by me or my office. Further, I hereby acknowledge delivering all documents received from the declarant to counsel for GM immediately upon termination of the above-captioned lawsuit in compliance with paragraph 13 of the Stipulation for Entry of Non-Sharing Protective Order; Protective Order between Charlie McCorvey and General Motors LLC.

DATED: _____        _____

Signature of Counsel

# CERTIFICATE OF SERVICE

*Charlie McCorvey vs. General Motors Corporation*
USDC Case No:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, CA 90071.

On the date set forth below, I served the foregoing document(s) described as:

**STIPULATED PROTECTIVE ORDER**

on the interested parties in this action as follows:

Charlie McCorvey
8189 Palmetto Avenue, #310
Fontana, CA 92335
Telephone: (909) 217-6082

☒ **( BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

☐ **(VIA CM/ECF)** As addressed to all parties appearing on the Court's ECF service list in this action via the Central District of California's Court's CM/ECF system, and shall be available for viewing and downloading from the ECF system.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2017, at Los Angeles, California.

*Karen L. Votava*
Karen L. Votava

4837-7223-8918.2
105940\000112

---

1

STIPULATED PROTECTIVE ORDER
CASE NO. 5:17-CV-003950JGB (DTBX)